## In re NEW YORK & BROOKLYN BRIDGE.

### In re CLARK et al.

(Supreme Court, General Term, Second Department.    September 16, 1892.)

EMINENT DOMAIN—FEE VALUE—AWARD TO TENANTS.

> Where the fee value of leased premises has been greatly increased by permanent improvements made by the lessee in consideration of a reduced rent, it is not error, in a proceeding to take the premises for public purposes, for the commissioners to fix the fee value at a sum certain, and award a portion thereof to the lessee and sublessees.    In such case it cannot be said that the fee estimate is reduced by awarding a large portion thereof to the lessees.

Appeal from special term, Kings county.

Proceeding by the trustees of the New York & Brooklyn Bridge to acquire title to lands held by William Irving Clark and others, trustees under the will of R. S. Clark, deceased, and others.    From an order vacating an award of the commissioners the defendants appeal.    Reversed.

Argued before BARNARD, P. J., and PRATT, J.

John W. Knox, (Geo. W. Wingate, of counsel,) for appellants Clark and others.

Charles N. Morgan, for appellant Lynch.

Goodrich, Deady & Goodrich, (Wm. W. Goodrich, of counsel,) for appellant Jonsen.

Baldwin & Blackmar, (Abel E. Blackmar, of counsel,) for appellant Gilbert.

Bergen & Dykman, for respondents.

BARNARD, P. J.    The fee of the lot of land to be taken is in the trustees under the will of R. S. Clark, deceased.    The trustees let the premises to Jonsen for 10 years at a rent of $6,000 a year by lease ending in 1896.    Jonsen sublet the under part thereof to W. K. Gilbert for $1,500

a year for the last 7 years of the lease. Jonsen agreed with the trustees to convert the property into a first-class hotel, and expend not less than $3,000 in repairs and improvements thereon, which was to go to the owner at the end of the lease. Jonsen leased the upper part of the premises to Lynch at a rent of $7,500. Lynch spent considerable sums in improving the property. The owners gave evidence tending to show that the value of the property, as it now is, is nearly or quite $200,000. The tenant, Lynch, gave evidence tending to show that his lease was worth over $20,000 a year. Gilbert gave evidence tending to show that the premises were worth a rental value of $3,500 a year. He had expended a large sum in fitting them up for his business. Upon this proof the commissioners gave—

| | |
|---|---:|
| To the owners.................................. .......................... | $104,625 00 |
| To Jonsen.................................................................... | 6,375 00 |
| To Lynch.................................................................... | 45,000 00 |
| To Gilbert.................................................................. | 4,000 00 |
| In all...................................................................... | $160,000 00 |

The owners have been ill paid for their land, but they do not object. They rented the property when it was a warehouse, with a view of improvement. It is so improved that very reputable and skilled appraisers put the present rent at near $25,000 a year. Jonsen's interest is readily determined by the figures. He pays $6,000, and he gets $7,500, and he has over four years at this rate. The award to Lynch and Gilbert is sustained by the evidence of the rental value of the premises of which they are deprived. The report does not show any mistaken principle upon which the assessment was made. Neither the evidence nor the report shows that the property is not worth the total of all the awards. If the owner rents property at a small rent, the value of the fee is not thereby reduced by taking out a large rent, and especially when so much has been expended on the property since the owner leased. The order refusing to confirm the report should be reversed, with costs and disbursements, and the report confirmed, without costs, but with interest from April 30, 1892, upon the several awards; that being the date when said award should have been confirmed.